# Nelson *v.* Beaver County, Appellant.

*Public officers—County solicitors—Compensation for services—Act of May* 22, 1895, *P. L.* 101.

Where an attorney at law is appointed county solicitor by the county commissioners, and his salary is fixed at a definite sum per annum, he cannot claim extra compensation for services rendered to the county in connection with litigation growing out of proceedings to condemn toll bridges; and this is the case although he had an agreement with the commissioners that his salary should only be for services as general counsel, and should not include payment for suits, litigation and special collections.

Under the Act of May 22, 1895, P. L. 101, county commissioners are authorized to appoint a solicitor and determine the amount of his salary, and the appointee can simply accept or decline the appointment. There can be no conditional acceptance nor a contract between the commissioners and appointee which can legally authorize the payment to him of any sum additional to his salary for the performance of the services specified in the statute.

Argued Oct. 22, 1907. Appeal, No. 106, Oct. T., 1907, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1906, No. 31, on verdict for plaintiff in case of D. A. Nelson v. Beaver County. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover for professional services. Before PORTER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was (22) in refusing binding instructions for defendant.

*Henry H. Wilson,* and *Robert K. Aiken,* for appellant.— An act mandatory in form and peremptory in substance would be peremptory if permissive in form. See Schaeffer v. Jack, 14 S. & R. 426; People ex rel. v. Supervisors, 51 N. Y. 401; People ex rel. v. Commissioners, 6 L. R. A. 161 and note.

There can be no contract, either express or implied, for extra compensation. Such a contract is ultra vires and in no way binding upon the county : Lancaster County v. Fulton, 128 Pa. 48 ; Chester County v. Barber, 97 Pa. 455 ; Rothrock v. Easton School Dist., 133 Pa. 487; Kilpatrick v. Bridge Co., 49 Pa. 118; Russell v. Luzerne County, 3 Pa. Dist. Rep. 493 ; Koontz v. Franklin County, 76 Pa. 154 ; Com. v. Bacon, 6 S. & R. 322.

° *J. Norman Martin,* with him *Agnew Hice,* for appellee.— The contract of employment was in writing, is unequivocal and precise, not fixing the rate or amount of compensation for litigation, because at the time of making the contract the parties could not know in what litigation the county might be involved, and bound the county to accept and the plaintiff to render the services in question; this contract preceded the rendition of the services for which the compensation is claimed : Bechtel v. Fry, 217 Pa. 591.

Plaintiff was not a county officer and his employment is not governed by rules applicable to county officers : Com. v. Collier, 213 Pa. 138; Chester County v. Barber, 97 Pa. 455; Lancaster County v. Fulton, 128 Pa. 48.

The contract between the parties may be determined by what the parties did with reference to the employment: Brunner v. American T. & T. Co., 151 Pa. 447 ; Fulton v. Lancaster County, 162 Pa. 294.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908 :

This is an action brought by D. A. Nelson, Esq., an attorney at law, to recover for professional services which he rendered the county of Beaver. These services were rendered between April 1, 1904, and November 9, 1905, in connection with litigation growing out of proceedings in Beaver county to condemn certain toll bridges in the county.

From the evidence in the case, it appears that the county commissioners of Beaver county met on the first Monday, being January 5, 1903, organized as a board for that year, and passed the following resolution : " The name of D. A. Nelson being presented for attorney for the commissioners, and there being no other applicant, he having two votes, a majority of

the board, was duly elected." This resolution was entered on the minutes of the board of county commissioners. On the day following the adoption of this resolution, Mr. Nelson signed and filed with the commissioners the following paper:

"Whereas, I, D. A. Nelson, having been appointed by the board of commissioners of Beaver county, solicitor for said county, for the term of three years, at a salary of $600 per annum for general counsel, this salary not to include payment for suits, litigation and special collections, such services to be recompensed when rendered by the solicitor. Therefore, in consideration of the above conditions and considerations, I accept said appointment and agree to perform all duties required of me by said board, and shall pay all fees and commissions received as county solicitor as the property of the said county into the county treasury during the continuance of my appointment, first deducting fees which properly belong to me by virtue of my office as attorney or as county solicitor." Mr. Nelson says that this is the only contract or agreement between him and the county commissioners with reference to his services, and that all his services were rendered under this contract.

The plaintiff testified that on the afternoon of January 5, 1903, the day he was appointed county solicitor, that he had a talk with the board about his compensation and they spoke of $600. He says he told them he would not accept the office at that compensation ; that thereupon they finally agreed that they would give him $600 for general counsel and that whatever litigation, or any litigation during the term, he should be paid extra for at a reasonable compensation and also for special collections. He admits that he received $1,800 for his professional services for the three years, from January 1, 1903, to January 1, 1906, when his term expired. It also appears that he received $300 for some litigation arising out of condemnation proceedings of a railroad over the poor farm of the county.

The claim of the plaintiff in this action is for services rendered the county during the time he was county solicitor, as stated above, in certain litigation growing out of proceedings to condem certain toll bridges in Beaver county, and is in addition to the $600 annual salary which he received from the

county during his three years term as county solicitor. The learned court below submitted to the jury to find whether the plaintiff performed the services under the alleged contract contained in his written communication to the commissioners, with instructions that if he did so they should find in his favor such an amount as compensation for his services as the evidence showed he was entitled to recover. There was a verdict for the plaintiff, and this appeal is taken by the defendant county from the judgment entered thereon.

The defendant resisted the plaintiff's right to recover on the ground that he had been appointed by the commissioners of the county a county solicitor under the Act of May 22, 1895, P. L. 101, and that the only compensation he was entitled to by reason of the services rendered by him to the county was his salary, which it was the duty of the county commissioners to fix and which they did fix at the sum of $600 per annum. The contention of the plaintiff is, and it was·sustained in the court below, that the services for which he claims in this action were rendered in pursuance of his letter of January.6, 1903, which constituted a contract between him and the commissioners and were not rendered by him as county solicitor appointed under the act of 1895; that the $600 per annum which he received from the county was for his services as general counsel, and did not include his services in the litigation for which he claims in this suit or his services in any other litigation in which the county was involved during the three years which he acted as county solicitor..

In 1895, the legislature of this state, by an act approved May 22, authorized the county commissioners of the several counties of this commonwealth to appoint a county solicitor for a term of three years at a salary to be determined by them. The first section provides that the board of commissioners shall have authority to appoint a county solicitor. The second section provides as follows: " That the solicitor so appointed shall hold his office for the term of three years and shall receive such salary as the Commissioners shall determine: Provided, that he shall, before entering upon the duties of his office, file with the county commissioners an agreement to pay all fees, attorney's fees and commissions received from every source, as county solicitor, into the county treasury."

The third section fixes his duties as follows: "He shall commence and prosecute all and every suit and suits brought or to be brought by the county, wherein or whereby any of the rights, privileges, properties, claims or demands of the county are involved, as well as defend all actions or suits brought against the county and shall perform all duties now enjoined by law upon County Solicitors and shall do all and every professional act, incident to the office, which may be required of him by the officers named in said Board."

We think it apparent from the third section of the act of 1895 that if the plaintiff was employed by the commissioners as county solicitor that the services he performed and for which he claims in this suit were clearly included within his duties as county solicitor. It will be observed that, by this section, he is to commence and prosecute all suits brought for the county and defend all suits brought against the county, and "do all and every professional act, incident to the office, which may be required of him." This language certainly is broad enough to comprehend all the services the plaintiff rendered the county in the litigation growing out of the condemnation of the toll bridges. The important and controlling question, therefore, in the case is whether, under the facts disclosed by the evidence in the case, the plaintiff was appointed by the commissioners as a county solicitor under the act of 1895. If he was appointed and accepted the position as solicitor at a fixed salary, it is clear that he has no right to recover any compensation other than that he has already received as an annual salary from the county for his services.

The official action of the commissioners relative to the appointment of the plaintiff as solicitor of the county is shown by the resolution adopted on the day they organized as a board. By that resolution Mr. Nelson " was duly elected " as " attorney for the commissioners." In his letter to the commissioners of the day following, he recites that he was " appointed by the board of commissioners of Beaver county solicitor for said county for the term of three years, at a salary of $600 per annum." In the same communication he accepts the appointment, and, as required by the act of 1895, agrees to perform all duties required of him by the board, and to pay all fees and commissions received by him into the county treasury

during the continuance of his appointment.    Mr. Hineman, one of the county commissioners, testifies that Mr. Nelson " was our counsel looking after the business of the county except litigation ; " that " he was county solicitor." Mr. Carey, also a county commissioner, testifies that Mr. Nelson was elected county solicitor on the morning of January 5, 1903, and that he went out of office on the first Monday of January, 1906. The court in the charge, recognizing Mr. Nelson's appointment of county solicitor as an undisputed fact, said that " it was deemed advisable to employ a county solicitor, and on January 5 the board adopted a resolution electing the plaintiff to fill this position." It is clear, therefore, and is not open to doubt, that Mr. Nelson was elected county solicitor for a term of three years by the commissioners of Beaver county on the day they met and organized as a board, and that he served as solicitor for the county during the three years for which he was elected.

We think it also conclusively appears that a salary of $600 per annum was fixed by the commissioners and accepted by Mr. Nelson.    It is true that the resolution appointing Mr. Nelson a county solicitor does not fix his salary.    His own testimony, however, and his written acceptance on the day following his appointment, show that he was appointed " at a salary of $600 per annum." Commissioner Hineman testifies that when Mr. Nelson was elected " we fixed his salary at $600 ; " and Commissioner Carey also testifies that " we employed him and fixed his compensation at $600 for attorney," and that he was paid a salary of $600 per year.    It is apparent, therefore, from the undisputed testimony in the case, that Mr. Nelson's salary as solicitor was fixed by the board at $600 per annum, and that he received that salary from the county of Beaver during his three years term.

But it is contended by the plaintiff that his services as solicitor for which he received $600 per annum were rendered in pursuance of a contract, by the terms of which the salary was fixed and received as compensation only as " general counsel," and did " not include payment for suits, litigation and special collections," and that such services were to be recompensed when rendered by the solicitor.    In other words, the plaintiff's contention is that his services were rendered in pur-

suance of a contract between him and the county commissioners, evidenced by his letter of acceptance and not by virtue of his appointment by the commissioners as county solicitor. It is therefore claimed that the receipt by the plaintiff of his annual salary does not prevent him recovering the value of his services rendered the county in the condemnation of the toll bridges, and for which he has brought this action.

The contention of the plaintiff we regard as wholly untenable. As we have seen, he was appointed solicitor of Beaver county for a term of three years at a fixed salary. This was an exercise of the authority conferred on the county commissioners by the act of 1895, and was not a contract between the plaintiff and the board. The commissioners as well as the plaintiff were bound by the provisions of the statute, and they could not annul and set aside the statute and enter into a contract appointing the plaintiff solicitor with fees or compensation additional to a salary. The act specifically provides that all commissions and fees received by him from every source shall be paid into the county treasury. If a solicitor for Beaver county was deemed necessary by the commissioners, the statute authorized his appointment, fixed his term and prescribed explicitly his duties. It also commanded the commissioners to fix the salary of the solicitor. This was done by the board in this case. It is claimed, however, that the salary was simply as compensation for the plaintiff as " general counsel " for the county, and did not include the other services rendered by him as attorney in the litigation growing out of the condemnation proceedings. But neither the commissioners nor the plaintiff nor both had the authority to determine what services he should render the county as its solicitor, and equally impotent were both parties as to their power, by contract or otherwise, to impose upon the county any liability for compensation for the plaintiff as solicitor other than the salary fixed by the board of commissioners. While the statute authorizes the commissioners to appoint the solicitor and fix his salary, it also specifically sets forth his duties and declares what services he shall render the county in his official capacity. It likewise provides, as observed above, that the solicitor shall pay into the county treasury all fees and commissions received by him. The commissioners were authorized to appoint a

solicitor and determine the amount of his salary, and the appointee could simply accept or decline the appointment. There could be no conditional acceptance, nor a contract between the commissioners and appointee which could legally authorize the payment to him of any sum additional to his salary for the performance of the services specified in the statute. In so far as the board and the plaintiff attempted to prescribe the duties to be performed by the latter under his appointment as solicitor their act was ultra vires, and did not bind the county. The plaintiff, as county solicitor, was required to perform the duties imposed upon him by the act of 1895, and these duties required him to perform the "services in connection with the litigation growing out of the taking by the county of Beaver under the right of eminent domain," of the toll bridges in the county. For his services as solicitor, he received an annual salary which, by the express terms of the statute under which he was appointed, includes compensation for the services for which this action was brought.

The uncontroverted facts of this case rule it against the plaintiff and the learned trial judge should, as requested, have instructed the jury that the verdict must be for the defendant.

The twenty-second assignment of error is sustained, the judgment is reversed, and judgment is now entered for the defendant.